| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Michael D. Levitz and Inesa Levitz, Pro Se | **DEFENDANTS** Capital One N.A./Chevy Chase Bank F.S.B., Specialized Loan Servicing, LLC, US Bank N.A. as Trustee for Chevy Chase Funding, LLC MBC 2005-1, MERS and MERSCORP Inc., John Does 1-10 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known)<br>For SLS: Weinstein & Riley, P.S., 2001 Western Ave, Ste. 400, Seattle, WA 98121<br>For all others: Unkown |
| **PARTY** (Check One Box Only)<br>□ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>□ Creditor ☐ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>□ Creditor ☐ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Frauds upon Title, UCC § 3, UCC § 3-110, UCC 3-203(d); Negligence per se; Fraud in the Factum; Fraud in the Inducement; TILA 1635 et seq violations; misrepresentation, misconstruement, breach of trust, breach of fiduciary duty, conversion, concealment and other illegal acts. 15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1); Null and void under UCC § 3-305(b)(1)(ii)(iii), Non-Holder in due course UCC 3.302; 12 CFR 1024.35(a)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☒ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>  (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☒ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☒ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☒ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. |
| **(continued next column)** | ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought - Continuation/Reactivation of Automatic Stay, Remedy under TILA, 15 U.S.C. 1601 et seq., rescission, injunctive relief, redress, restitution, disgorgement, money damages, attorneys' fees, other equitable relief against Defendants for engaging in unfair or deceptive acts or practices in violation of TILA/Reg Z, 12 C.F.R. Part 226.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Michael D. Levitz | BANKRUPTCY CASE NO.<br>17-15200 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western Washington | DIVISION OFFICE | NAME OF JUDGE<br>Hon. C. M. Alston |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>Jan 2, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Michael D. Levitz | |

## INSTRUCTIONS

      The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

      A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

      The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

FILED

2018 JAN -4 PM 1:18

M. L. HARDIN CLK
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE

BY_____ DEP CLK.

1  Michael Levitz Pro Se
   3718 E Alder St
2  Seattle, WA 98122

3

4

5

6  **UNITED STATES BANKRUPTCY COURT**
   **WESTERN DISTRICT OF WASHINGTON**

7

   MICHAEL D. LEVITZ, INESA LEVITZ )  CHAPTER 11
8                                  )
        PLAINTIFFS,                )  CASE NO.: **17-15200**
9                                  )
        VS.                        )  ADVERSARY CASE No.: _____
10                                 )
   CAPITAL ONE N.A./CHEVY CHASE )   COMPLAINT TO DETERMINE THE NATURE,
11 BANK F.S.B., U.S. BANK N.A.   )   EXTENT, VALIDITY OF LIEN ON REAL
   AS TRUSTEE FOR CCB LIBOR      )   PROPERTY; TO DISALLOW ANY SECURED
12 SERIES 2005-1 TRUST AND AS    )   CLAIM; TO DETERMINE SECURED STATUS
   TRUSTEE FOR CHEVY CHASE       )   OF LIEN; TO RECOVER MONEY PURSUANT
13 FUNDING LLC MORTAGE BACKED    )   TO STATUTORY AND/OR EQUITABLE
   CERTIFICATES SERIES 2005-1,   )   DAMAGES, FOR TILA VIOLATION,
14 MORTGAGE ELECTRONIC           )   FRAUD, LIBEL; TO QUIET TITLE; TO
   REGISTRATION SYSTEMS, INC,    )   DETERMINE DISCHARGEABILITY OF DEBT
15 AND MERSCORP INC., QUALITY    )   FREE OF SECURED STATUS; FOR
   LOAN SERVICE OF WASHINGTON    )   SANCTIONS; FOR INJUNCTIVE AND
16 INC., SPECIALIZED LOAN        )   OTHER RELIEF; AND A CONDITIONAL
   SERVICING, LLC., JOHN DOES    )   ACTION FOR AN ACCOUNTING AND TO
17 1-1000                        )   OBTAIN UNAPPLIED CREDITS
                                  )
18      DEFENDANTS                )
19 ─────────────────────────────

20

21              **INITIAL COMPLAINT**

22

23 COMES NOW, Debtor and Plaintiff Michael D. Levitz and Plaintiff

24 Inesa Levitz, the 'Levitz's', and files this Complaint to

25 Determine the Nature, Extent, Validity of Lien on Real Property,

to Disallow any Secured Claim, to Determine Secured Status of
Lien, to Recover Money Pursuant to Statutory and/or Equitable
Damages, for TILA violations, Fraud, Libel, to Quiet Title, to
Determine Dischargeability of Debt Free of Secured Status, for
*Sanctions, for Injunctive and Other Relief;* and a *Conditional*
Action for an Accounting and to Obtain Unapplied Credits, and
presents unto the Court as follows:

**JURISDICTION, VENUE, PARTIES AND BACKGROUND**

1. This Court has jurisdiction over this matter pursuant to 28
U.S.C. §§157; 1334; 1652; 2201; FRCP 57, and B.R. 7001(1), (2),
(7) and (9), and A.R.S. § 12-1831, et seq. FRCP 57; Pursuant to
B.R. 3007(b), an Objection to Claim may be included in an
Adversary Proceeding. However, as of the date this Complaint is
filed, no Proof of Claim has been filed in this case. Venue is
appropriate in this district pursuant to 28 U.S.C. §1408 and
1409. This matter is a core proceeding.

2. CAPITAL ONE N.A./CHEVY CHASE BANK F.S.B. ('Capital One',
'Chevy Chase') underwent merger in 2009, rendering Chevy Chase
defunct, inactive as of July 30, 2009. Chevy Chase was the
apparent loan originator for the 2004 Levitz refinance loan.
Capital One can be served at their Corporate address located at
1680 Capital One Drive, McLean, VA 22102.

3. US Bank N.A., as Trustee, for the CCB LIBOR Series 2005-1
Trust, as Trustee for the *Chevy Chase Funding, LLC, Mortgage
Backed Certificates, Series 2005-1* ('US Bank' or 'US Bank as

Trustee'), can be served through the Preferred Mailing Address:
US Bank, PO Box 5229, Cincinnati, OH 45201-5229, as specified by
US Bank in a Notice of Address filed to 11 USC 342(f) and
Fed.R.Bank.P 2002 (g)(4). It may also be served through Andrew
Cecere, CEO, US Bancorp, Parent of US Bank N.A., Corporate
Headquarters US Bancorp, US Bancorp Center, 800 Nicollet Mall,
Minneapolis, MN 55402.

4. MERSCORP, Inc./Mortgage Electronic Registration Systems,
Inc. ('MERSCORP','MERS'). MERS is stated to be a wholly owned
subsidiary of MERSCORP. However, there are/have been different
unrelated versions of 'MERS', authorized or unauthorized,
licensed or unlicensed trademarks of MERSCORP, using systems or
similar systems of MERSCORP. MERSCORP can be served at their
corporate address located at MERSCORP/Mortgage Electronic
Registration Systems, Inc., Corporate Headquarters, 1818 Library
St., Ste. 300, Reston, VA 20190.

5. Quality Loan Service Corporation of Washington (QLSW) can
be served by mail at their address addressed to Robert W.
McDonald, 108 1st Ave So, Seattle, WA 98104-2538. QLSW serves as
Default and Foreclosure Trustee. They are known to have colluded
with alleged holders in due course on other cases. They have
been involved in wrongful foreclosures.

6. Specialized Loan Servicing, LLC, ('SLS') can be served by
mail to their address located at Specialized Loan Servicing,
LLC, 8742 Lucent Blvd. Ste. 300, Highlands Ranch, CO 80129-2386.

7. Plaintiffs acquired their home in April 1999 using a conventional mortgage loan. On or about September 14, 2004, Plaintiffs refinanced their conventional mortgage into an 'OPTION LIBOR ARM'[1] in the amount of $560,000.00, in an apparent mortgage loan refinance transaction wherein Chevy Chase Bank, FSB, ('Chevy Chase' or 'Lender'), acted in the role of 'Lender' pursuant to the Deed of Trust recorded on September 20, 2004, with the King County Recorder ('DOT'). The Note that was originally secured by the DOT and signed/dated September 14, 2004, is referred to herein as the 'Note'. The debt evidenced by the Note when originally made is the 'Loan'. The purported lien claim represented by this Deed of Trust is herein called the 'Primary Lien'. No Proof of Claim has yet been filed in this case. Upon information and belief, Chevy Chase brokered the money via Capital One. Upon information and belief, SLS is holding itself out as the Servicer of the Loan on behalf of US Bank, whom it claims is the owner of the Loan, and that it appears to have succeeded in late 2014 to the servicing rights from Capital One, N.A. by direction of Ambac Assurance Company.

---

[1] In a predatory act, a local mortgage broker 'Abacus Mortgage' approached Inesa Levitz to apply for a loan and shopped her to Chevy Chase while Mr. Levitz was out of area. Mrs. Levitz filled out, signed the application with the understanding that Mr. Levitz would fill out his portion when he returned to the area. English is not Inesa Levitz's first language. Abacus became the local agent for Chevy Chase but is not listed among the parties of this complaint because they are believed to be out of business having been found to be of criminal and unethical nature. For example, the notary Lisa L. Moore (no longer active) notarized Inesa Levitz's signature out of her presence using a copy of a driver's license obtained from the Abacus agent. The Levitz's were not subprime customers, they were prime, yet were folded in with many subprime loan recipients resulting in Chevy Chase's 2009 failure.

8. The terms of the OPTION LIBOR ARM refinance as opposed to its performance were so confusing that Michael Levitz, who holds a PhD in Biostatistics, was frustrated to understand how Chevy Chase applied payment to principle and interest especially on occasion when Michael paid more than the maximum payment. He expected the balance to go down, yet it went up adding to negative amortization, taking away the Levitz's equity in their home. Because of numerous instances of incomprehensible loan performance, the Levitz's gave timely notice of TILA rescission in August 2007. Chevy Chase's response was that the required TILA disclosures were handled by their local broker agent Abacus Mortgage, suggesting that the Levitz's take it up with Abacus[2].

9. Since July 30, 2009, the original lender that refinanced the Levitz's home, Chevy Chase Bank F.S.B.[3], became defunct, inactive, and the remaining entities now acting to foreclose are not informed of the Levitz history, are indifferent or unaware

---

[2] A March 2009 article in the Seattle PI exposing Abacus, (http://www.seattlepi.com/local/article/Crime-no-barrier-for-loan-sellers-1301802.php) reveals what the Levitz's were up against. *"The whole mortgage industry was out of control," said Ted Naff, who until recently was the designated broker at Abacus Mortgage … The chaos that reigned throughout the mortgage industry between 2002 and 2007 fomented lawlessness even among those without criminal records, Naff said. He fired hundreds of loan originators each year, criminals and non-criminals, because many of them violated rules and laws. But they simply went to work elsewhere unscathed, he said, because it was too easy to get commission-only jobs during the hot lending market, and there was nothing preventing it … "I think we are all at fault," said Naff, who now works for Axia Financial. "From the borrowers to Wall Street, all of us, we were all guilty of greed."*
[3] Evidence recently deciphered shows Capital One, N.A. as the original source of funds.

of matters that affect their wrongful attempt to collect a
defective debt.

10. What distinguishes this case from others similar is that
in 2009 Chevy Chase Bank F.S.B. went under during the financial
collapse at the same time the Levitz's were in escrow to pay off
the entire principle amount of the Chevy Chase mortgage, leaving
them free and clear, no longer obligated to make monthly
payments on the mortgage. What adds to the distinction is the
way Chevy Chase Bank F.S.B. closed its offices at the time the
Levitz' were seeking payoff of the mortgage, closing without
providing continuity of service for months following the office
closure, leaving no announcement for the Levitz's as to what to
expect, leaving the Levitz's with a suspended escrow,
subsequently canceled by 'absence of lender'[4] (See Exhibit A, OCC
letter re: Chevy Chase merger under Capital One[5]). To this day,
the Debtor is prepared to pay off the entire original principle
amount of the loan ($560,000) and can close that within 45 days.
The problems to resolve are in determining who is entitled to
the proceeds and what to do about wrongful arrears that have

---

[4] During the payoff attempt, Michael Levitz called or faxed Chevy Chase Bank's
offices nearly every day, sometimes multiple times, often not reaching any
person or put on hold for an intolerable time. His last contact with Chevy
Chase Bank was with one person who told him the boxes were "piled high", the
office was closing down. When pleading for someone, anyone to help with
completing the payoff of the Levitz's mortgage, Michael was told "some will
contact you". No contact ever came back from Chevy Chase Bank.
[5] Chevy Chase's offices relocated to McLean, Virginia, the same corporate
location of Capital One, relocating from their previous long-term address in
Laurel, MD. Note the OCC letter dated 7-14-2009 with reference to 3-06-2009
as the period of application, the same timeframe that the Levitz's were in
escrow. Finally note that Chevy Chase was declared inactive on 7-30-2009.

been back-calculated by suspect recent parties with no knowledge of the history (nor desire thereof) of the contract's TILA rescission or of malfeasance on the part of Chevy Chase Bank.

11. To the distinctive nature of this case, the Debtor will file a supplemental briefing containing facts supporting chronological events leading to today's confusion. Facts of rescission, facts of error, proposing an adjustment of the balance claimed as owed, supported by law referencing implied or equitable indemnification, determining a loan balance that is just and equitable, permissible by application of equitable tolling, providing for equitable relief. Additionally, new findings stemming from Barclay's rigging of LIBOR (London Interbank Offered Rate)[6] show Chevy Chase benefitted by pulling equity away from the Levitz's home via negative amortization. On top of Moving Party's other claims, it must be noted that LIBOR Litigation is viable, alive and well in the influential Second Circuit governing America's Financial Center of New York. See Generally *In Re LIBOR-Based Financial Instruments Antitrust Litigation* 2016 WL 1301175 (2016).

12. The property in question in this case ('Property') is Plaintiff's Residence, with legal description:

---

[6] The Levitz's sense they are unable to sue Barclay's directly but may propose the loan balance be adjusted by applying the initial first rate to all months in recalculating the loan balance.

Lots 1 and 2, Block 40, Yesler's 3rd Addition to the City of
Seattle, Vol 6, Page 4; commonly known as 3718 E. Alder St.,
Seattle, WA 98122.

**COUNT 1**
**DETERMINATION OF EXTENT AND VALIDITY OF LIEN AND QUIET TITLE**
**WITH CORRESPONDING INJUNCTIVE RELIEF**

13. Plaintiffs seek a determination of the extent and validity
of a lien on Real Property (the 'Property') pursuant to B.R.
7001(2), which provides for an adversary proceeding "to
determine the validity, priority, or extent of a lien or other
interest in property." In this regard, SLS, has asserted itself
as Servicer and collection agent on behalf of US Bank, in its
capacity as Trustee for two different trusts or REMICs, with the
beneficiary changing from MERS to US Bank as Trustee. After the
failure of Chevy Chase, many months passed as Plaintiffs tried
to find a new servicer or lender as they were in the middle of a
sale with escrow opened. Several attempts were made to obtain
information as to the identity of any new servicer and any
claimed owner of Plaintiff's Loan, Note and Mortgage.
Eventually, a Notice of Default[7] (NOD) informed Plaintiffs that
Capital One was the new servicer, however contact with Capital
One (using the toll-free number on the NOD) revealed Capital One
was unaware of Plaintiff's loan and property address. Months
later, a new NOD named Capital One as the servicer, US Bank as

---

[7] Bishop, White, Marshall, PS was the Trustee causing the NOD to be posted.

Trustee of CCB LIBOR Series 2005-1 Trust and MERS as beneficiary.

14. The basis for the determination of the extent and validity of the lien claim in Washington State Law is the Quiet Title Statute, RCW 7.28, et seq.

> RCW 7.28.010
> <u>Who may maintain actions—Service on nonresident defendant.</u>
> Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title;

15. Plaintiff is the owner of the Property and therefore has standing to bring such action. US Bank is a party that claims an interest, in the form of a lien claim, that is adverse to Plaintiff's claim to clear title.

16. A quiet title complaint and judgment encompasses the right to a recordable judgment that effectively removes cloud upon title, that are recorded documents wrongfully casting doubt upon a plaintiff's clear title. Plaintiff alleges that the following fourteen (14) documents recorded against the Plaintiff's home in King County Records, create a cloud upon title that should be removed by the terms of the judgment in this case:

A) Doc# 20090701002024 Appointment of Successor Trustee
B) Doc# 20090717001157 Notice of Trustee Sale
C) Doc# 20100610000294 Notice of Discontinuance of Trustee sale

D) Doc# 20110325000960 Assignment of Deed of Trust
E) Doc# 20110425001046 Amended Notice of Trustee Sale
F) Doc# 20131127001870 2nd – Appointment of Successor Trustee
G) Doc# 20140219000666 2nd Notice of Trustee Sale – Amended
H) Doc# 20141027000693 3rd Notice of Trustee Sale – Amended
I) Doc# 20150205000571 Corrected Assignment of Deed of Trust
J) Doc# 20160129001678 Concurrent Successor Trustee Assignment
K) Doc# 20160808001735 Notice of Discontinuance of Trustee Sale
L) Doc# 20160428001295 Notice of Trustee Sale
M) Doc# 20161003001339 Corrected Notice of Trustee Sale
N) Doc# 20161202001760 Corrected Notice of Trustee Sale

This list above is not intended to be a statement as to the completeness of documents that cloud Plaintiff's property title. Plaintiffs reserve the right to add other documents to the list as they are found.

17. Upon information and belief, US Bank is not the owner of the Loan and Note. Upon information and belief, US Bank did not pay value for the Note and Loan to the party that previously owned it, which party would have had to pay value for the Note and Loan. Therefore, US Bank is not secured with the Mortgage on the Property.

18. Plaintiff denies that US Bank is the holder of the Note. Plaintiff denies that US Bank as Trustee has the right to enforce the Note. Plaintiff denies the authenticity, validity and authority to make any indorsements that appear on the original Note. Plaintiff denies the validity and authority not to have the indorsements that were required to be signed or stamped upon the Note, pursuant to the terms of the Securitization Documents, including the lack thereof. Since Plaintiff has denied these matters in the pleadings, USBank has the burden of production and proof on each of these allegations.

19. Upon information and belief, the funds that were loaned to Plaintiff came from investment dollars generated by the sale of interests in one or more MBS Trusts, in the form of Mortgage Backed Securities, aka Mortgage Bonds. Alternatively, no funds ever changed hands.

20. Upon information and belief, it is legally impossible for the US Bank to ever have obtained ownership of the Loan, Note and Mortgage. Plaintiff will expound upon this after receiving copies of the Securitization Mortgage Loan File, including a current true and correct copy of the Note and other information and documents that describe and demonstrate ownership and transfer of the Mortgage Loan.[8]

21. The Injunctive Relief that is included as an essential element of a Quiet Title Action, pursuant to RCW 7.40 is also available to Plaintiff in this adversary complaint, pursuant to B.R. 7001(7), which provides that an adversary proceeding may include, "a proceeding to obtain an injunction or other equitable relief." The injunction that is appropriate to plead for now as loss of home is irreparable harm in Washington State, but which will not be ripe until the final results on the merits is reached is to make permanent the determination of the extent and priority of the lien in that neither US Bank nor its privies had or can ever have a security interest in the Property, that is the same result that can and must be had in a state law quiet title action.

---

[8] All of which are material to this case and which have been requested several times over months and years, but which have not yet been produced.

22. Plaintiff leaves open the possibility that he may apply for a temporary injunction if circumstances develop that such is necessary at some point before this adversary proceeding is concluded on the merits.

**COUNT II**
**COMPLAINT TO RECOVER MONEY FOR FALSE RECORDED DOCUMENTS AND NOTARY FRAUD**

1. Plaintiff files this Complaint to Recover Money, pursuant to B.R. 7001(1), which provides that an adversary proceeding is available, "to recover money or property." In this regard, Plaintiff seeks the recovery of treble actual or mandatory or exemplary and equitable damages from US Bank, pursuant to RCW 19.86.090; and pursuant to 11 U.S.C. §§ 105 and 362(a).

2. US Bank recorded or caused to be recorded each of the _____ below defined "false documents."4 US Bank purports to claim a lien or encumbrance against the Property. US Bank is responsible for all such violations, in as much as it claims to be the MBS Trustee, and claims to be the owner of the Loan and beneficiary of the Note and DOT in such capacity, and has been conducting business as though said claim to the lien were valid. US Bank has been conducting business as though SLS were the Servicer on its behalf. Accordingly, it has authorized SLS to be its agent with authority or apparent authority to act and conduct business on its behalf. US Bank is liable directly, or is vicariously liable, or is liable because it claims, as a matter of law, to have the power to direct all actions pertaining to the drafting, execution and recording of all such documents pertaining to the Note and DOT in this case. More specifically, US Bank is liable for all violations by Monica

Hadley, established below, as well as all Notary Public persons that notarized documents in this case.

3. Plaintiffs allege that the following are "false documents" and that they therefore contain violations of RCW 40.16.030:

A) Notice of Default (Exhibit 'B' written as mailed 4/12/2010 by Trustee Bishop, White, Marshall, & Weibel, PS). This document twice lists US Bank as Trustee of a nonexistent Trust, "US Bank as Trustee of CCB LIBOR Series 2005-1 Trust". See Charity Hensen Affidavit (Exhibit 'C') testifying the LIBOR Trust did not exist. i.e. fake.

B) Amended Notice of Trustee's Sale (Exhibit 'D'). Note that US Bank is Trustee of Chevy Chase Funding, LLC, Mortgage-Backed Certificates, Series 2005-1.

Plaintiffs do not represent items 3A) and B) as a complete list.

4. An Attestation from the Securities Exchange Commission (SEC) indicates the securities in item 3B) above are not/were never registered (Exhibit 'E')[9]. Michael Levitz is communicating and corresponding with the SEC to determine if the Chevy Chase Funding, LLC Mortgage-Backed Certificates exist. Considering the many instances of fraud, malperformance, and bad faith exhibited by the entities attempting to take the Levitz's home, it is imperative that the parties involved in foreclosing be scrutinized thoroughly.

5. US Bank is not a stranger to explaining the existence of questionable securities. In a case nearly identically similar to this one of the Levitz's (US Bank v. Maglione), US Bank as Trustee of the CCB LIBOR Series 2005-B Trust brought an action

---

[9] Although not all securities are required to be registered, those unregistered must comply with Reg D and file a Form D. Reg D was designed for small business entrepreneurs as a lessening of burdensome reporting regulations on startups. Clearly, the existence of tradable securities valued in the hundreds of millions is not what Reg D was designed for.

against a homeowner in Florida where the securities that US Bank was purported to be a Trustee of, namely the CCB LIBOR Series 2005-B Trust, were substituted via a MERS 'corrective assignment' with Chevy Chase Funding LLC, Mortgage-Backed Certificates Series 2005-B bringing Defendant's Motion to Strike Plaintiff's Notice of Filing (Exhibit F). The granting of Defendant's Motion to Strike was quickly followed with a Notice of Voluntary Dismissal of Action with Prejudice (Exhibit G). In US Bank v. Maglione, the signer of the corrective assignment Assistant Vice-President 'Monica Hadley' was alleged to be a phony MERS employee. Monica Hadley is the same name used in assignments on the Levitz Title. The name 'Monica Hadley' is said to be a 'robosignor'.

Time constraints force Plaintiffs to finish this initial brief with a supplemental brief to be filed to complete causes of action and request for relief.

## INTERIM SUMMARY

Actions commencing as early as 2009 demonstrate the fact that there is no valid Chain of Title. While the Court will subsequently see that the purported Trusts involved did not actually exist and were not ever registered with the SEC although required, the harm was already done prior to that.

Bain ruled that MERS cannot have a Beneficiary Interest in the Chain of Title. In this case the 2009 Assignment clearly indicates that MERS purports to stand in the legal shoes

necessary to transfer interest but it simply did not and cannot.

And the defect has never been cured and so the Court cannot

allow this unlawful posture some five (5) years AFTER Bain.

In Fed. Nat'/ Mortg. Ass'n v. Ndiaye, No. 32994-1-II1 (Div 3 Ct.

App. 2015) the Court denied such an argument from the homeowner,

but only to the extent that it was not raised prior to

foreclosure:

https://www.courts.wa.gov/opinions/pdf/329941.pub.pdf

However, in this case the Homeowner raises this issue prior to

Foreclosure and it is fatal per se.

So too is the failure to demonstrate the presence of a Trust,

although that failure is prima facie and could potentially be

contested, but based on the Record before us the foreclosing

entities have not even begun to meet their burdens of persuasion

or production.

As to the absence of the Trust, a local industry journalist has

filed a Citizen Complaint with the Attorney General's Office. He

has followed this case for more than a year now and has

previously been involved on mortgage matters with Seattle City

Council. He has managed a title company. And he co-hosted

Industry forensic examiner Marie McDonnell to a town forum after

she completed her King County audit at taxpayer expense in 2015.

He reviewed the materials Petitioner sent him and he does not believe that the Trusts existed, either.

**Those items enough are grounds to proceed toward trial and to establish a lis pendens, but Petitioner has more to buttress his claims:**

The Plaintiffs have shown a substantial likelihood of success and there is irreparable harm to befall them should the Court fail to honor the Motion in this case. Plaintiff is raising a 10-year old son at the residence and all of these machinations have already taken enough of a toll on this child's life and on their relationship.

Because of the nature of the findings of the listed facts and lack of truthful evidence leading to these illegal foreclosure proceedings, Plaintiff prays for the Court to issue a temporary restraining order and a preliminary injunction against Defendant for any and all claims the Defendants are pursuing against Plaintiff and Plaintiff's property, via Exhibits (A, B, C, D, E, and F, G, H) thereby causing harm to the Plaintiff.

INTERIM CONCLUSION AND PRAYER FOR RELIEF

1. MERS was, and is, an improper Beneficiary, and this is raised PRIOR to foreclosure per relevant law.

2. There was no Lender or Servicer to receive funds when Petitioner sought to pay off his loan, which are violations in and of themselves.

3. The Trusts involved here have been shown NOT TO EXIST.

4. The Trusts involved here have not been registered with the SEC.

5. The value or amount of arrearages cannot be computed without a thorough analysis of the Libor manipulation as referenced in ongoing Second Circuit litigation.

6. The planned sale was ignored by the purported Lender/Beneficiary, yet they continue to pile on damages by the day.

There is simply no way at law or equity that any further attempts at foreclosure can happen at my house. I am ready, willing and able to discuss a REASONABLE settlement. Given the lack of evidence of any sort of viable chain of title that is all that there is available for the parties. A complaint has been filed with the Office of the Wisconsin State Attorney General on this 3rd day of January, 2018.

Therefore Petitioner PRAYS that this Court:

1. Grant immediate Injunctive Relief

2. Grant all other relief the Court deems proper.

**VERIFICATION BY OATH**

I am Michael Levitz, the Plaintiff and Debtor in this case, and qualified to make this verification. To the best of my knowledge information and belief, the facts and allegations contained above are true and correct. This verification I make unsworn but by oath under penalty of perjury, on January 3, 2018.

Respectfully submitted,

_____

Michael D. Levitz

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:

MICHAEL D. LEVITZ
3718 E. Alder St.
Seattle, WA 98122
(425) 998-8492

Plaintiff in pro se

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL D. LEVITZ, INESA LEVITZ | CHAPTER 11 |
| PLAINTIFFS, | |
| VS. | CASE NO.: **17-15200** |
| | ADVERSARY CASE No.: _____ |
| CAPITAL ONE N.A./CHEVY CHASE BANK F.S.B., U.S. BANK N.A. AS TRUSTEE FOR CCB LIBOR SERIES 2005-1 TRUST AND AS TRUSTEE FOR CHEVY CHASE FUNDING LLC MORTAGE BACKED CERTIFICATES SERIES 2005-1, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, AND MERSCORP INC., QUALITY LOAN SERVICE OF WASHINGTON INC., SPECIALIZED LOAN SERVICING, LLC., JOHN DOES 1-1000 | COMPLAINT TO DETERMINE THE NATURE, EXTENT, VALIDITY OF LIEN ON REAL PROPERTY; TO DISALLOW ANY SECURED CLAIM; TO DETERMINE SECURED STATUS OF LIEN; TO RECOVER MONEY PURSUANT TO STATUTORY AND/OR EQUITABLE DAMAGES, FOR TILA VIOLATION, FRAUD, LIBEL; TO QUIET TITLE; TO DETERMINE DISCHARGEABILITY OF DEBT FREE OF SECURED STATUS; FOR SANCTIONS; FOR INJUNCTIVE AND OTHER RELIEF; AND A CONDITIONAL ACTION FOR AN ACCOUNTING AND TO OBTAIN UNAPPLIED CREDITS |
| DEFENDANTS | |

## LIS PENDENS

PLEASE TAKE NOTICE THAT Plaintiffs have filed the following

actions against CAPITAL ONE N.A./CHEVY CHASE BANK F.S.B., U.S.

BANK N.A. AS TRUSTEE FOR CCB LIBOR SERIES 2005-1 TRUST AND AS

TRUSTEE FOR CHEVY CHASE FUNDING LLC MORTAGE BACKED CERTIFICATES

SERIES 2005-1, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC,

AND MERSCORP INC., QUALITY LOAN SERVICE OF WASHINGTON INC.,

SPECIALIZED LOAN SERVICING, LLC., JOHN DOES 1-1000.


1.    Filed on January 4, 2018 by Plaintiffs to redress
      injuries being suffered and to be suffered as a result
      of Defendants' conduct. DEFENDANTS HAVE FRAUDULENTLY
      MADE CHANGES TO THE LEGAL TITLE OF PLAINTIFF'S
      PROPERTY AND ARE ATTEMPTING TO UNLAWFULLY TAKE TITLE
      TO PLAINTIFF'S PROPERTY.

2.    Plaintiffs seek to protect their property interests.
      Plaintiff Michael D. Levitz is the owner and the title
      holder to the property with legal description and
      address as follows:

      Lots 1 and 2, Block 40, Yesler's 3rd Addition to
      the City of Seattle, Vol 6, Pg 4, commonly known
      as 3718 E. Alder St., Seattle, WA 98122.


Dated: January 4, 2018

_____

Michael D. Levitz, PLAINTIFF

ACKNOWLEDGMENT

STATE OF WASHINGTON          }

                             }    ss.

County of King               }

On Jauary  4 , 2018 before me,  DAVID BOOTH          ,

A Notary Public, personally appeared Michael D. Levitz, who

proved to me on the basis of satisfactory evidence to be the

person whose name is subscribed to the within instrument and

acknowledged to me that he executed the same in his authorized

capacity, and that by his signature on the instrument the person

executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the

State of Washington that the foregoing paragraph is true and

correct.

WITNESS my hand and official seal.

Notary Public
State of Washington
DAVID A BOOTH
MY COMMISSION EXPIRES
MAY 31, 2020